Jesús Trujillo Lange et ux., Plaintiffs and Appellants, *v.* José López Fernández, Defendant and Appellee.

No. 6706. Argued June 4, 1934.—Decided June 19, 1934.

*J. Sabater* for appellants. *J. Alemañy* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

The dismissal is prayed for in this case of an appeal taken by the plaintiffs from an order of the District Court of Mayagüez approving a memorandum of costs. It is contended that the record does not contain the documents required by law, and that the appeal is frivolous and is solely for the purpose of hindering, delaying, and retarding execution on the memorandum of costs.

The appellee contends that the statement of the case, which forms part of the record on this appeal, is null and void because it has been filed by virtue of an order entered without jurisdiction. The court below, as the appellee contends, had no power to fix for itself a different term, putting aside and ignoring the term provided by statute.

It is argued that section 299 of the Code of Civil Procedure fixes a term of ten days within which to file the statement once the appeal has been taken, and that within ten days after filing the statement or after any extension which may be granted by the court, the appellant may present, by de-

livery of a copy to the defendant, a paper in which appear the exceptions taken during the course of the proceedings together with a statement of the case. The appellee agrees that the court may extend the legal term, in the exercise of the power granted by sections 299 and 353 of the Code of Civil Procedure, but contends that the appellants in their motion did not ask for any extension, but asked that an original term be fixed within which to perfect the appeal.

On March 19, 1934, the appellants presented a motion in which they stated, among other things, that "they selected, to perfect their appeal, a statement of the case instead of a transcript of the evidence, which statement they will present by their attorney and will file within the period provided by law," praying for "a term of twenty days within which to file the aforesaid statement of the case."

The law grants ten days for presentation of the statement after filing of the notice of appeal. The appellants prayed for a term of twenty days within which to file such statement. It is easy to see that they were asking for an extension of the term granted by law. It is true that the law does not grant to the district courts the power to create terms; but it is no less true that it authorizes those courts to extend and amplify the terms expressly provided. We do not deny that the motion of the appellants was defective; but we think that the court below acted wisely in granting it, because from the petition itself it clearly appears that the relief which the appellants are asking for is nothing more than an extension of the term fixed by law within which to file the statement of the case.

It is contended, moreover, that section 353 of the Code of Civil Procedure provides that the time granted for preparing and filing a statement of the case may be extended by the court if good cause be alleged and shown, and that the motion of the appellants does not set forth any cause which might serve as a basis for the exercise of judicial discretion.

That the English text of said section provides that the time allowed by the code may be extended "upon good cause shown," that is, upon showing of good cause. From the moment in which the court below granted the extension prayed for, we must assume, in the absence of proof to the contrary, that there was cause justifying the exercise of judicial discretion. In any event, although there may have been some irregularity, it is not sufficient in our judgment to require the dismissal of the appeal.

As to the frivolousness of the appeal set up by the appellee, we do not feel inclined, after a study of the record, to dismiss the appeal upon that ground.

The motion to dismiss is denied.